NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted December 1, 2008*

Decided December 9, 2008

### Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

**No**. 08-2457

UNITED STATES OF AMERICA,
　　　*Plaintiff-Appellee*,

　　　　　**v.**

BENJAMIN JOHNSON,
　　　*Defendant-Appellant*.

Appeal from the United
States District Court for the
Northern District of Indiana,
Hammond Division.

No. 2:01-CR-98
James T. Moody, *Judge*.

### Order

　　　　As part of a plea agreement, Benjamin Johnson promised not to contest or appeal from his conviction or sentence. That waiver includes a promise "not to contest my sentence ... in any post-conviction proceeding, including, but not limited to, a proceeding under [28 U.S.C. §] 2255."

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

After being sentenced, Johnson violated this promise by appealing. We held the plea and waiver valid and dismissed his appeal. *United States v. Suggs*, 374 F.3d 508, 519-20 (7th Cir. 2004). Ignoring our decision that the waiver is valid, Johnson then filed a post-conviction proceeding under §2255. The district court enforced the waiver by dismissing it, and we dismissed Johnson's appeal.

After the Sentencing Commission reduced the ranges for crack cocaine offenses, and made those changes retroactive, Johnson asked the district court to reduce his sentence. The judge declined, observing that only persons who distributed less than 4.5 kilograms of cocaine can benefit from the reduction, while Johnson was responsible for at least 17 kilograms. He has appealed a third time, to argue that he was not responsible for more than 2.5 *grams* of cocaine and that the district judge should have reduced his sentence even if the retroactive amendments did not authorize that step.

For a third time, we dismiss the appeal as barred by the waiver. Johnson contends that the retroactive amendments were not anticipated when he negotiated the waiver and thus are outside its scope, but the waiver is comprehensive. We have previously rejected analogous arguments that legal developments post-dating waivers relieve defendants of the promise not to appeal. E.g., *United States v. Bownes*, 405 F.3d 634 (7th Cir. 2005).

Johnson's contention that the prosecutor forfeited the benefit of his waiver by not reminding the district judge of it is unavailing; appellate waivers do not affect proceedings in district courts. Perhaps the United States forfeited any objection to the motion in the district court to reduce sentence; it did not forfeit a right to insist that the district judge's decision be the final one.

The appeal is dismissed.